IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronald K. Kennedy, III; Barry Jones; Guillermo Diaz Jr., | ) ) ) | C/A No. 0:21-421-DCN-PJG |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **ORDER** |
| Aiken County, South Carolina; Aiken County Detention Center, | ) ) ) ) | |
| Defendants. | ) ) | |

This is a civil rights action filed by three self-represented state pretrial detainees in the Aiken County Detention Center. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review in accordance with 28 U.S.C. § 1915A and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Based on this review, the court concludes that the *pro se* plaintiffs cannot proceed together in one action without counsel and that this case should be separated into different cases, one for each plaintiff.

The United States Court of Appeals for the Fourth Circuit has held that *pro se* prisoners cannot bring a class action lawsuit. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."); Fowler v. Lee, 18 F. App'x 164, 165 (4th Cir. 2001); see also Hummer v. Dalton, 657 F.2d 621, 625-26 (4th Cir. 1981) (holding that a *pro se* prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). And, generally, the Fourth Circuit rejects the right of individuals to litigate *pro se* on behalf of others. See Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 244 (4th Cir. 2020)

("Allowing individuals to represent themselves pro se 'reflects a respect for the choice of an individual citizen to plead his or her own cause,' but so does the bar preventing individuals without legal expertise from representing others.") (quoting Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005)). Moreover, the courts in this district generally do not allow *pro se* prisoners to proceed together in one action. See, e.g., Carroll v. United States, C/A No. 5:14-CV-02167-JMC, 2015 WL 854927, at *2 (D.S.C. Feb. 27, 2015); Williams v. Jones, C/A No. 9:14-787-RMG-BM, 2014 WL 2155251, at *10 (D.S.C. May 22, 2014).[1]

**Accordingly, the court concludes that the claims of the three Plaintiffs in the instant action should be separated for initial review.**

**TO THE CLERK OF COURT**:

The above-captioned case shall pertain only to the first named Plaintiff, Ronald K. Kennedy, III. Therefore, the Clerk of Court is directed to terminate Barry Jones and Guillermo Diaz Jr. as plaintiffs in the above-referenced case. The Clerk of Court is further directed to assign separate civil action numbers to the plaintiffs terminated in this case. The Clerk of Court shall file this order as the initial docket entry in the newly created cases, and shall re-file the Complaint in the newly created actions. The defendants in the newly created cases will be the same defendants listed in the above-captioned case. The Clerk of Court is authorized to determine the most efficient way and time for assigning and entering the new case number, party information, and pleading information on the court's electronic case management system.

---

[1] Further, the court notes that there is disagreement among federal courts as to the right of *pro se* prisoners to join claims or consolidate cases under Federal Rules of Civil Procedure 20 and 42. See Hagan v. Rogers, 570 F.3d 146, 149 (3d Cir. 2009) (exploring the circuit split on these issues).

After the new cases are docketed, the assigned magistrate judge will issue orders pursuant to the General Order issued in In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), and conduct initial review in compliance with 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

**IT IS SO ORDERED**.

March 9, 2021  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important warning on the next page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO *PRO SE* PARTY OR NONPARTY FILERS

All documents that you file with the court will be available to the public on the internet through PACER (Public Access to Court Electronic Records) and the court's Electronic Case Filing System.  **CERTAIN PERSONAL IDENTIFYING INFORMATION SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS BEFORE YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Federal Rule of Civil Procedure 5.2, provides for privacy protection of electronic or paper filings made with the court.  Rule 5.2 applies to **all** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing.  Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court.  If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing.  A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

> **(a) Social Security and Taxpayer Identification Numbers.**  If an individual's Social Security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
> **(b) Names of Minor Children.**  If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
> **(c) Dates of Birth.**  If an individual's date of birth must be included in a document, the filer may include only the year of birth.
> **(d) Financial Account Numbers.**  If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2.  Protection of other sensitive personal information—such as driver's license numbers and alien registration numbers—may be sought under Rule 5.2(d) (Filings Made Under Seal) and (e) (Protective Orders).